UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

KATHLEEN BRADDY,　　　　　　　　　　　CASE NO.:

    Plaintiff,

v.

UNITED COLLECTION BUREAU, INC, a
Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, KATHLEEN BRADDY ("Plaintiff" or "BRADDY"), by and through undersigned counsel, files this Complaint against Defendant, UNITED COLLECTION BUREAU, INC ("Defendant" or "UCB"), and states as follows:

## NATURE OF THE SUIT

1. This action is for gender/sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act, at Chapter 760, FLA. STAT. ("FCRA") to recover from Defendant back pay, front pay, compensatory damages, punitive damages, Plaintiff's attorneys' fees and costs, and any other damages permitted by law.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's claims as they arise under federal law, pursuant to Title VII, and this Court has supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same set of operative facts as Plaintiff's Title VII claims

1

and are so related to Plaintiff's Title VII claims that it forms part of the same case or controversy.

3. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Broward County, Florida.

## PARTIES

4. Plaintiff was an employee who performed administrative support services on behalf of Defendant in Broward County, Florida.

5. UCB is a Foreign Profit Corporation located in Broward County, Florida, and which, at all times relevant, performed work in Broward County, Florida.

6. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and Title VII because:

   a. She is a female employee who suffered gender-based harassment/discrimination and retaliation because of her sex/gender by Defendant;

   b. She suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of belonging to this protected category; and

   c. Plaintiff also was retaliated against and fired for opposing Defendant's illegal and discriminatory workplace practices.

7. Defendant was at all material times an "employer" as envisioned by the FCRA and Title VII because it employed in excess of fifteen (15) employees.

8. Defendant is Florida Corporation that operates in, among other places, Broward County, Florida.

## CONDITIONS PRECEDENT

9. Plaintiff, on or about September 25, 2020, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant.

10. More than 180 days have passed since the dual filing of her Charge, and Plaintiff's FCRA claims are ripe.

11. Plaintiff received her Right to Sue letter from the EEOC on August 13, 2021.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Plaintiff worked for Defendant from October 14, 2014, through April 2, 2020, most recently under the title of Administrative Support.

15. During her lengthy tenure, Ms. Braddy was an excellent employee, with no significant history of attendance, performance, or disciplinary issues.

16. On April 2, 2020, Executive Vice President, Barbara Greene ("Ms. Greene") held a conference call with Ms. Braddy and her fellow female co-workers, Dorothy Costello, Karen Johnson, Rose Ramoutar, and Ashley Ali.

17. Conspicuously absent from this call were fellow male co-workers, Fernando Cabrera ("Mr. Cabrera") and Michael Hare ("Mr. Hare").

18. During the call, Ms. Greene informed the women, including Plaintiff, that they were to be terminated due the fact that there was "no work" for them.

19. However, both Mr. Hare and Mr. Cabrera were allowed to continue working from home.

20. This opportunity was never extended to the female members of the team.

21. Plaintiff's termination of employment was for pretextual and discriminatory

reasons based on Plaintiff's gender/sex, and in retaliation for her complaints regarding same.

22. By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

23. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination and retaliation suffered by Plaintiff.

24. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## GENDER BASED DISCRIMINATION IN VIOLATION OF TITLE VII

25. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 24 of the Complaint, as if fully set forth in this Count.

26. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender discrimination under Title VII.

27. Plaintiff is female.

28. Plaintiff was terminated only because of her sex/gender, and would not have been terminated, but for her sex/gender.

29. Plaintiff was subjected to disparate treatment due to her sex/gender.

30. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

31. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

32. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II
## GENDER BASED DISCRIMINATION IN VIOLATION OF THE FCRA

33. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 24 of the Complaint, as if fully set forth in this Count.

34. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender-based discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

35. Plaintiff is female.

36. Plaintiff was terminated only because of her sex/gender, and would not have been terminated, but for her sex/gender.

37. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff nor good faith basis for terminating Plaintiff based on her gender.

38. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

39. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

40. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

41. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages,; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat., and provide any additional relief that this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 6th day of May, 2022.

Respectfully Submitted,

**By: /s/Noah Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Trial Counsel for Plaintiff*